UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH ANN HOWDESHELL,

    Plaintiff,

v.     Case No.:  2:20-cv-514-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Plaintiff filed Plaintiff's Unopposed Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC [sic] § 2412 & Supporting Affidavits, & Attachments on February 22, 2022.  (Doc. 23).  Plaintiff states that the Commissioner does not object to the relief requested.  (*Id.* at 1, 6).  The matter was referred to the Undersigned for a Report and Recommendation.  Because the relief requested is not contested or opposed, (*see id.*), the Undersigned deems this matter to be ripe for consideration before the response period prescribed by M.D. Fla. R. 3.01(c) expires.  For the reasons below, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT** Plaintiff's Unopposed Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC [sic] § 2412 & Supporting Affidavits, & Attachments (Doc. 23).

## PROCEDURAL BACKGROUND

On January 23, 2021, the Court entered an Order reversing and remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Commissioner to: (1) Fully comply with HALLEX I-2-6-70(b), in the event a medical examiner is used; (2) properly consider Plaintiff's GI impairments; (3) properly consider the third-party evidence; and (4) re-evaluate all medical evidence of record. . (Doc. 19 at 2; *see also* Doc. 17 at 40). Thereafter, on February 22, 2022, Plaintiff filed the request *sub judice* seeking an award of $7,920.77 in attorney's fees and an award of $400.00 in costs, all under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 23 at 3).

The Undersigned evaluates Plaintiff's request for fees and costs under the appropriate legal standards below.

## ANALYSIS

Plaintiff must meet five (5) conditions to receive an award of fees under the EAJA: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Moreover, the Court must determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all

2

reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The Court must also determine whether payment should be made to Plaintiff's counsel or to Plaintiff directly after the United States Department of Treasury determines whether Plaintiff owes any federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 588 (2010). Additionally, the Court must determine whether costs may be awarded to Plaintiff under 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920.

    **A.**    **Plaintiff's Request Is Timely.**

A fee application must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature. *See* 28 U.S.C. § 2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Therefore, Plaintiff has ninety (90) days from the date of the entry of final judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.

In this case, the Clerk of Court entered a final judgment on November 24, 2021, (Doc. 20), and Plaintiff filed Plaintiff's Unopposed Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC [sic] § 2412 & Supporting Affidavits, & Attachments less than ninety (90) days later on February 22, 2022, (Doc. 23). Therefore, the Undersigned finds that Plaintiff timely filed Plaintiff's Unopposed Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC [sic] § 2412 & Supporting Affidavits, & Attachments (Doc. 23). *See Myers*, 916 F.2d at 672.

### B. Plaintiff Meets All Other Requirements Under the EAJA.

The Commissioner does not contest that Plaintiff meets the remaining requirements under the EAJA. (Doc. 23 at 1, 6). Upon consideration of the record and the representations in Plaintiff's Unopposed Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC [sic] § 2412 & Supporting Affidavits, & Attachments and supporting materials (Doc. 23 at 2, 4), the Undersigned finds that all other requirements under the EAJA for a fee award are met. *See* 28 U.S.C. § 2412(d); *Jean*, 496 U.S. at 158.

### C. The Hours Expended, the Hourly Rate Requested, and the Resulting Fees Requested Are All Reasonable.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Moreover, EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly

complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel states that counsel expended 38.2 hours in this case. (*See* Doc. 23 at 5, 6, 7). Further, Plaintiff's counsel requests the hourly rate(s) of $207.35. (*Id.* at 6, 7).[1] After a careful review, the Undersigned finds that the number of hours expended is reasonable and that the hourly rate requested is reasonable, customary, and appropriate under controlling law.

Plaintiff seeks a total fee award in the amount of $7,920.77, calculated as follows:

38.2 hours x $207.35/hour = $7,920.77

(*See* Doc. 23 at 6). The Undersigned adopts and approves these calculations, finds that the resulting fees are reasonable, and recommends that attorney's fees be awarded to Plaintiff in the amount of $7,920.77, as requested.

### D. Payment Should Be Made to Plaintiff's Counsel.

Plaintiff also filed an executed Social Security Retainer and Fee Agreement. (Doc. 23-1). This assignment states in relevant part:

> [R]egardless of whether I ultimately win my claim(s), I hereby assign any court-awarded Equal Access to Justice Act (EAJA) fees and costs to my representative. Any EAJA payment should be paid directly to my representative's office. My representative is fully empowered to deposit any EAJA checks directly into their account and my

---

[1] Plaintiff's counsel specifically requests this rate for work performed in 2020. (*See* Doc. 23 at 6). Because counsel does not separately request a rate for work performed in 2021 or 2022, the Undersigned construes counsel's requested rate to apply for work performed in 2020, 2021, and 2022.

5

> representative is authorized to endorse my name on the checks paying them

(*Id.* at 2). Consistent with this executed assignment, the Undersigned recommends that the Court allow the fees to be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

### E. Plaintiff Is Also Entitled to an Award of Costs.

Lastly, Plaintiff also requests $400.00 in costs for the filing fee. (*See* Doc. 23 at 67 (citing Doc. 1)). Under 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, the prevailing party may recover this cost. Therefore, the Undersigned also recommends awarding $400.00 in costs to Plaintiff.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDEDS** the following:

1. That Plaintiff's Unopposed Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC [sic] § 2412 & Supporting Affidavits, & Attachments (Doc. 23) be **GRANTED** as set forth below.

2. That the Court award Plaintiff $7,920.77 in attorney's fees.

3. That the Court also award Plaintiff $400.00 in costs.

4. That these fees and costs be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

5. That the Court direct the Clerk of Court to enter an appropriate judgment for fees and costs in Plaintiff's favor accordingly.

Respectfully recommended in Chambers in Ft. Myers, Florida on February 23, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties